**BEFORE THE FEDERAL DISTRICT COURT**
**DISTRICT OF SOUTH DAKOTA**
**SOUTHERN DIVISION**

| | |
|---|---|
| RUNNING SUPPLY INC., <br><br> Plaintiff, <br><br> v. <br><br> AMCO INSURANCE COMPANY, <br><br> Defendant. | Case No. **4:25-cv-4255** <br><br><br> **COMPLAINT** <br> **AND** <br> **DEMAND FOR JURY TRIAL** |

Plaintiff Running Supply Inc., for its causes of action against Defendant AMCO Insurance Company, states and alleges as follows:

### THE PARTIES

1.      At all times relevant hereto, Plaintiff Running Supply Inc. ("Plaintiff" or "RSI") was a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business located at 901 N Hwy 59, Marshall, Minnesota 56258-9295.

2.      Upon information and belief, at all relevant times hereto, Amco Insurance Company. ("Defendant" or "Amco") has been and is an insurance company organized under the laws of Iowa, with its home office and principal place of business in Columbus, Ohio, which sold property and casualty insurance in the State of South Dakota.

3.      Service may be made upon Amco by serving the Director of the Division of Insurance of South Dakota. Service via private process server and certified mail, return receipt requested, is requested at this time.

### JURISDICTION AND VENUE

4.      The amount in controversy in this matter exceeds the sum of $75,000.00, exclusive of interest and costs.

1

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).  Venue is proper pursuant to 28 U.S.C. § 1391(a).

6.      This Complaint is also brought pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure for the purpose of determining a question or actual controversy between the parties as described in this Complaint.

## FACTS

7.      RSI owns the Property located at 1020 N. Lacrosse St., Rapid City, South Dakota 57701-6962 (the "Property") and operates a portion of its business out of this large commercial shopping building.

8.      RSI purchased a policy of insurance, from Amco numbered ACP COPA3086513110 (the "Policy"), which was in effect from April 1, 2022 through April 1, 2023.

9.      RSI purchased the Policy to provide coverage for its Property from wind, hail, and rain damages that occurred during the Policy period.

10.      Specifically, the Policy purchased by RSI from Amco promised that Amco would "pay for direct physical loss of or damage to Covered Property [to the Property] caused by or resulting from any Covered Cause of Loss."

11.      Under the Policy damages caused by a wind, hail ,and rainstorm are covered causes of loss.

12.      During the Policy Period, an extreme weather event with damaging hail, winds, and rains struck Rapid City, South Dakota.

13.      The hail that fell during the storm struck the Property causing damage to the roof structure and the exterior of the building.

2

14.     Shortly thereafter, RSI notified Amco of the damage caused by the hail, wind, and rainstorm.

15.     Amco acknowledged receipt of the claim and then scheduled an inspection of the Property.  Amco assigned the Claim the claim number 486430-GO (the "Claim").

16.     In or around April, 2023, Defendant Amco assigned Ted Hayward ("Hayward") to the Claim.

17.     On April 27, 2023 Hayward visited the Property on behalf of Amco to document the damages.

18.     During Hayward's inspection of the Property Hayward identified and photographed "hail divots to the roof" of the Property.

19.     As a result, Amco was aware on in April 2023 that covered hail damage had occurred at the Property.

20.     Amco failed to issue payment for the loss after learning about the covered loss to the Property despite having knowledge of a covered loss to the Property.

21.     Instead, Amco then retained Rodney Nohr ("Nohr") to investigate the Property.

22.     Amco provided no information to RSI why the retention of Nohr was necessary to make decision on the Claim when it had been provided evidence of hail damage to the Property.

23.     Based on information and belief, Amco retained Nohr as a pretext to deny the Claim and limits its liability on the Claim.

24.     There was no explanation provided why additional information was necessary following Hayward's inspection of the Property had revealed hail damage.

25.     Nohr visited the Property on June 5, 2023.

3

26.     Despite the obvious hail damage to the Property and the previous photographs of hail damage by Hayward, Nohr allegedly found no hail damage to the Property.

27.     Nohr issued his report merely a week after his inspection of the Property and in his report, Nohr failed to address the damages recorded in Hayward's photo report documenting hail damages to the roof.

28.     Despite this obvious failure to address the hail damaged originally identified by Hayward, Amco improperly relied on Nohr's arbitrary and capricious incomplete report.

29.     Nohr even failed to provide an accurate accounting of the hail dents he did admits to finds to some of the roof top metals at the Property merely generically stating that a "few of the roof top vent fans have some minor hail dents."

30.     Based on this Amco drafted a deficient and incomplete estimate of damages without properly seeking clarification on the hail damage recorded during its first inspection of the Property.

31.     Further, based on information and belief, Defendant failed to obtain any quantification of damages from Nohr based on his June 2023 inspection of the Property and based its estimate of damages based on the vague description of damages in Nohr's report leaving out additional hail damaged items that is covered under the Policy.

32.     For example, Amco issued an estimate of covered damages representing the amount of covered damages to the Property was merely $1,943.62.

33.     Amco specifically represented that that only damages to the Property was to two large roof mount power attic vents, and two regular sized roof mount power attic vents.

34.    Despite Amco's representations about the extent of damages at the Property in its June 14, 2023 estimate of damages, Amco failed to address the hail damage originally documented in Hayward's photo report.



35.    Moreover, as a result of the damages to the Property caused by the hail, wind, and rainstorm, the building also began to experience new interior leaks that Amco failed to document and address as part of the covered damages to the Property.

36.    As a result of Amco's incomplete investigation, and arbitrary decision to not address the initial hail damages identified during Amco's representative's first inspection of the Property, Amco failed to include all of the covered damages in its estimate of damages.

37.    At the time of the derecho, Lloyd Construction was current on all premiums owed under the Policy and said Policy was in full force and effect.

38.    At the time of the covered hail, wind, and rainstorm, the premium payments on the Policy were current.

39.     At the time of the covered hail, wind, and rainstorm, the Policy was in full force and effect.

40.     RSI informed Amco of the covered hail, wind, and rainstorm, and related loss in a timely manner.

41.     Following submission of its claim, and following numerous requests for information from RSI, Amco, on June 14, 2023 denied coverage for the vast majority of the hail damages to the Property.

42.     In somewhat confusing fashion, Amco indicated it would consider additional information should RSI choose to provide it.

43.     Personnel for RSI continued to engage Amco in discussion regarding its Claim, with said engagement consisting of written correspondence and in-person meetings over several months.

44.     RSI not only provided further analysis supporting its claim, but also provided documentation identifying errors in the analysis completed by Amco.

45.     For example, Amco provided additional photographs of the hail damage to the Property that Nohr failed to identify and address and that Amco improperly ignored.

46.     Amco then claimed that the photographs were quickly reviewed by Nohr who concluded by review of the photographs alone that the photographed damages "do not show hail damage and NORH Worthmann Engineering's initial findings are unchanged."

47.     However, Amco failed to explain how Nohr's findings could remain unchanged having never addressed these damages in Nohr's original report.

6

48.     Moreover, Amco failed to provide any reasonable explanation how Nohr was able to determine the photographs of damages were not hail damage and how he was able to make that determination without conducting an in person inspection of the identified damages.

49.     RSI repeatedly requested reconsideration of its claim over numerous months; however, Amco failed to do so, instead making its own demands of prove it to RSI despite its own personnel having identified hail damage to the Property.

50.     Given the magnitude of the hail, wind, and rainstorm, there is no dispute it directly caused the damage at issue to the Property.   As a proximate result of the hail, wind, and rainstorm and Amco's repeated refusals to pay for damages covered under the Policy, RSI sustained actual damages.

51.     In addition to the actual damages sustained by RSI, RSI has suffered additional consequential damages as a result of Amco's breach of the Policy due to the increased cost of labor, materials, and strained supply of equipment raising costs.

## COUNT ONE
### BREACH OF CONTRACT

52.     RSI realleges the facts set forth in the preceding paragraphs as if fully set forth herein.

53.     Under the terms of the Policy, RSI is entitled to payment for all of the damages sustained as a result of the hail, wind, and rainstorm that struck the Property and caused the direct physical loss to the Property during the Policy Period.

54.     RSI realleges Amco has breached its contract of insurance by failing to pay the amounts to which RSI has shown it is entitled under the Policy.

## COUNT TWO
### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

55.    RSI realleges the facts set forth in the preceding paragraphs as if fully set forth herein.

56.    Amco has breached its duty of good faith and fair dealing to RSI in the following respects, among others:

      a.    Failing to diligently search for and consider evidence that supports RSI's Claim;

      b.    Failing to fairly, reasonably, and objectively evaluate RSI's Claim;

      c.    Ignoring evidence which supports RSI's claim;

      d.    Unreasonably extending the investigation of RSI's claim despite evidence that the damages recorded were covered under the Policy;

      e.    Failing to promptly provide a reasonable explanation of the basis in the Policy, in relation to the facts, or the applicable law, for its failure to offer a full and fair settlement;

      f.    Failing to treat RSI's interests with equal regard to its own interests; and

      g.    Otherwise failing to fulfill its duty of good faith and fair dealing to RSI's.

57.    As a proximate result of Amco's breach of its duty of good faith and fair dealing, RSI has suffered damages in an amount to be proven at trial, including but not limited to the compensation to which it is entitled under the Policy.

## COUNT THREE
### VEXATIOUS REFUSAL TO PAY

58.    Amco's conduct in failing to properly investigate, process, and pay RSI's claim under the Policy as set forth above is vexatious or without reasonable cause.

59.     As a result of this conduct, RSI is entitled to an award of reasonable attorney's fees pursuant to SDCL 58-12-3 and SDCL 58-33-46.1.

## COUNT FOUR
### PUNITIVE DAMAGES

60.     Amco's actions have been taken with wanton or reckless disregard of RSI's rights.

61.     RSI is entitled to punitive damages in an amount that will punish Amco for breaching the duty of good faith and fair dealing and that will act as an example and deter Amco and other insurance companies from similar conduct.

## PRAYER FOR RELIEF

RSI respectfully requests judgment against Amco as follows:

1.     For its special and general damages in an amount to be proven at trial;

2.     For punitive damages in an amount to be proven at trial;

3.     For attorney's fees pursuant to SDCL §§ 58-12-3 and SDCL 58-33-46.1;

4.     For interest and the costs of this action as provided by law; and

5.     For such other and further relief as the Court deems just and equitable.

## TRIAL BY JURY IS HEREBY DEMANDED

Plaintiff hereby demands a jury trial on all issues so triable.

Dated this December 23, 2025.

CUTLER LAW FIRM, LLP
Attorneys at Law

/s/ Jonathan A. Heber
Jonathan A. Heber
140 North Phillips Avenue, 4th Floor
P.O. Box 1400
Sioux Falls, SD  57101-1400
Telephone:  (605) 335-4950
jonathanh@cutlerlawfirm.com
*Attorneys for Plaintiff*

9

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

RUNNING SUPPLY INC.

**DEFENDANTS**

AMCO INSURANCE COMPANY

**(b)** County of Residence of First Listed Plaintiff __Minnehaha Co, SD__
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Jonathan A. Heber, Cutler Law Firm, LLP, PO Box 1400
Sioux Falls, SD 57101; 605-335-4950

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [x] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- [x] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### CIVIL RIGHTS
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### INTELLECTUAL PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____

Brief description of cause:
Breach of contract/bad faith

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: Dec 23, 2025

SIGNATURE OF ATTORNEY OF RECORD: /s/ Jonathan A. Heber

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____